**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
SHIMON ROSENBERG, Individually
as Legal Guardian of M. T. H. and as
Personal Representative of the Estates of
Rivka Holtzberg and Gavriel Noach Holtzberg;

NACHMAN HOLTZBERG, Individually
and on behalf of other family members,
as Surviving Father of Gavriel Noach Holtzberg;

MOSES SHVARZBLAT, Individually
and as proposed Special Administrator of the Estate of
Norma Shvarzblat-Rabinovich;

MARIBETH JESWANI, Individually and
as Special Administrator of the Estate of
Sandeep Jeswani;

KIA SCHERR, Individually and
as proposed Personal Representative of the Estate of
N.S. and Alan Scherr;

EMUNAH CHROMAN, Individually and
as proposed Personal Representative of the Estate of
Ben Zion Chroman;

ANDREINA VARAGONA;

LINDA RAGSDALE;

AUTUMN GILLES
       Plaintiffs,

      v.

JAMAAT UD DAWA (also known as Lashkar e Taiba,
Markaz ud Dawa, Idara Khidmat-e-Khalq and
Tehrik-e-Tahaffuz-e-Qibla Awal); MOHAMED
HAFIZ SAYEED; ZAKI ur REHMAN LAKHVI;
SAJID MAJID (also known as Sajid Mir); and AZAM
CHEEMA; MAJOR IQBAL; MAJOR SAMEER ALI

       Defendants.
-----------------------------------------------------------x

Civil Actions:
10-CV-5381 (DLI) (CLP)
10-CV-5382 (DLI) (CLP)
10-CV-5448 (DLI) (CLP)
10-CV-3893 (DLI) (CLP)
10-CV-5816 (DLI) (CLP)

**PLAINTIFFS' DAMAGES INQUEST MEMORANDUM**

1

PLAINTIFFS NOW COME and seek an award of compensatory and punitive damages for the kidnapping, torture and murder perpetrated on them and their family members during the 2008 Mumbai terrorist attacks. Plaintiffs are American and Israeli nationals who were intentionally targeted by defendants Jamaat ud Dawa, formerly known as Lashkar-E-Taiba, Mohamaed Hafiz Sayeed, Zaki ur Rehman Lakhvi, Sajid Majid, and Azam Cheema, Major Iqbal, and Major Samir Ali (together, "Defendants")[1] and caused to suffer immense pain and horrible deaths during the course of the four-day terrorist rampage that left 166 people dead and more than 300 wounded. Plaintiffs seek and are entitled to economic damages and compensation for pain and suffering, solatium, and punitive damages.

## Procedural History and Standard of Review

Plaintiffs brought their actions pursuant to the Antiterrorism Act of 1991 ("ATA"), 18 U.S.C. § 2331 et seq. This Court found sufficient basis for the exercise of subject matter and personal jurisdiction and authorized entry of an order of default and invited a damages inquest and entry of judgment. Order Granting in Part and Denying in Part Motion for Default Judgment, *Rosenberg v. Lashkar-e-Taiba, et al.* No. 1:10-cv-05382, January 9, 2014 (referenced in ECF No. 54). *See also Smith*, 262 F. Supp. 2d at 222 ("a default judgment establishes the defendant's liability"). On January 24, 2014, this Court issued a Scheduling Order directing Plaintiffs to submit their damages calculations and supporting documentation. Scheduling Order, *Rosenberg*, No. 1:10-cv-05382 (ECF No. 44). On August 1, 2014, Judge Cheryl L. Pollak issued a Report and Recommendation that Plaintiffs' motion for default judgment and damages be denied without prejudice to refile the motions with supplemental documentation. On September 10,

---

[1] Although Plaintiffs' First Amended Complaint, filed on October 30, 2014, lists seven defendants, Plaintiffs now move for default judgment only against the five defendants whose service packages, sent in accordance with the Hague Convention, were signed for upon receipt. The five defendants are Jamaat ud Dawa, Mohamaed Hafiz Sayeed, Zaki ur Rehman Lakhvi, Sajid Majid, and Azam Cheema. See Affidavit of Service of Andrew J. Maloney, dated December 17, 2014 (ECF No. 73).

2

2014, the Court issued an Order adopting Judge Pollak's Report and Recommendation and denying Plaintiffs' Motion for Default Judgment without prejudice to filing an amended complaint and refiling the Motion for Default. Pursuant to the September 10 Order, on October 30, 2014, Plaintiffs filed a First Amended Complaint and a renewed Motion for Default with supporting documentation. On December 18, 2014, Judge Pollak issued a second Report and Recommendation (ECF No. 74), adopted by the Court on January 6, 2015, that Plaintiffs' motion for default judgment be denied without prejudice to refile after the defendants have been served and had time to answer. Since five of the defendants - Jamaat ud Dawa, Mohamaed Hafiz Sayeed, Zaki ur Rehman Lakhvi, Sajid Majid, and Azam Cheema - have been served and have failed to answer within the time prescribed by the Federal Rules of Civil Procedure, Plaintiffs hereby resubmit their motion for default with all the supporting documentation against these five defendants.

In evaluating the Plaintiffs' proof of economic damages, the Court may "accept as true the plaintiffs' uncontroverted evidence." *Elahi v. Islamic Republic of Iran*, 124 F. Supp. 2d 97, 100 (D.D.C. 2000) ("Because Iran has presented no defense, the Court will accept as true the plaintiff's uncontroverted evidence."); *Alejandre v. Republic of Cuba*, 996 F.Supp. 1239, 1243 (S.D.Fla.1997) (accepting as true the plaintiff's "uncontroverted factual allegations"). To establish proof of damages, Plaintiffs may rely on affidavits. *See Weinstein v. Islamic Republic of Iran*, 184 F. Supp. 2d 13, 19 (D.D.C. 2002).

## Damages

Plaintiffs are entitled to recover the full range of economic and non-economic damages. *See Knox v. Palestine Liberation Organization,* 442 F. Supp. 2d 62, 77 (S.D.N.Y. 2006) (deterrent purpose of the ATA is "maximized" by a full recovery of economic and non-economic

damages); *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1337 (D. Utah 2006) (permitting recovery under the ATA for the victim's lost wages and pain and suffering, and for the victim wife and children's loss of companionship, society, guidance and mental anguish); *Ungar v. Palestinian Auth.*, 304 F. Supp. 2d 232 (D.R.I. 2004) (holding plaintiffs entitled under the ATA to economic and non-economic damages, including loss of companionship and society, and mental anguish of the victims' surviving family members.)

### A. Economic Losses

Plaintiffs are entitled to recover economic losses resultant from the Defendants' deliberate inhumane acts. *See Knox*, 442 F. Supp. 2d at 78. These losses include the present value of past and future lost earnings that the Decedents might reasonably have been expected to earn but for the wrongful death or injury, as well as the cost of household services and advice, counsel, guidance, instruction and training services. *Id.* at 75; *See* Report and Recommendation to the Honorable George B. Daniels, *In Re Terrorist Attacks on September 11, 2001*, No. 03-md-01570-GBD-FM (ECF No. 2618) (S.D.N.Y. July 30, 2012). In support of Plaintiffs' request for an award of economic damages, Plaintiffs submit an Economic Appraisal Report prepared by plaintiffs' expert, Pacey Economics, Inc., that outlines the economic losses of each Plaintiff, (see Exhibit 1) and affidavits from each plaintiff (see Exhibit 2). In several of Plaintiffs' cases, we have adopted a more conservative approach than initially proposed.

These economic damages are comparable to or more conservative than those in similar cases involving compensation to victims of terrorism. *See* Memorandum Decision and Order, *In Re Terrorist Attacks on September 11, 2001*, No. 03-md-01570-GBD-FM (S.D.N.Y. Oct. 3, 2012) (relating to *Havlish v. bin Laden*, 03-civ-9848; hereinafter "the Havlish Opinion") (awarding $394,277,884 in economic damages); *Dammarell v. Islamic Republic of Iran*, 404 F.

Supp. 2d 261, 310-24 (D.D.C. 2005); *Alejandre*, 996 F. Supp. 2d at 1249; *Ferrarelli v. U.S.* CV90-4478 (JMA), 1992 WL 893461 at *19 (E.D.N.Y. Sept. 24, 1992).

B. **Pain and Suffering**

Plaintiffs are entitled to be compensated for the horrific pain and suffering that they endured during their captivity and torture at the hands of the terrorists in Mumbai. "When determining the appropriate damages for pain and suffering, [the Court] is bound by a standard of reasonableness." *Mastrantuono v. U.S.*, 163 F. Supp. 2d 244, 258 (S.D.N.Y. 2001 (citing *Battista v. U.S.*, 889 F. Supp. 716, 727 (S.D.N.Y. 1995). Because there is no precise methodology used to calculate damages for pain and suffering, courts generally rely on prior similar cases to determine the appropriate amount. *See Havlish*, No. 03-md-01570-GBD-FM, p. 7-8 (S.D.N.Y. Oct. 3, 2012).

In *Havlish*, the District Court determined that even though a precise award for each decedent's individual pain and suffering would be impossible because the decedents likely experienced different levels of pain and suffering based on their precise locations at the time of the September 11 attacks, an award of $2,000,000 per decedent, for a total of $94,000,000 met the reasonableness standard. *Id.* The court based its decision on comparable awards in *Smith*, 262 F. Supp. 2d at 233 ($1 million and $2.5 million for decedents' pain and suffering); *Pugh v. Socialist People's Libyan Arab Jamahiriya*, 530 F. Supp. 2d 216 (D.D.C. 2008) ($18 million for each decedent's pain and suffering); *Stethem v. Islamic Republic of Iran*, 201 F. Supp. 2d 87, 89 (D.D.C. 2002) ($1.5 million for a decedent's pain and suffering).

In this case, although the decedents have arguably experienced different levels of pain and suffering depending on where they were during the terrorist attacks and the manner in which they were kidnapped, tortured and murdered, it is undeniable that they experienced excruciating

pain and terror at the Defendants' hands. Plaintiffs' decedents experienced fear of impending death, witnessed others being shot, were then shot themselves and bled to death. The surviving plaintiffs not only witnessed these events, but were in several cases shot and left for dead.

Accordingly, we ask that each death case be awarded $2,000,000 for pain and suffering, while the personal injury cases warrant more for their prolonged agony during and after the events, such that $5 million for their pain and suffering is reasonable.

## C. Solatium

Plaintiffs who are family members of those killed and gravely injured in the Mumbai terrorist attacks are entitled to recover compensatory damages for solatium, which encompasses the "mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell*, 281 F Supp. 2d at 169; *see also Lelchook v. Commerzbank AG*, 10 CIV. 5795, 2011 WL 4087448 (S.D.N.Y. Aug. 2, 2011) ("permitting Plaintiffs to pursue claims for solatium damages is consistent with both the purpose of the ATA, and Congress's intention to incorporate traditional tort-law principles into the statute."); *Knox v. Palestine Liberation Organization*, 442 F. Supp. 2d at 77 (solatium damages recoverable under the ATA).

In determining the amount of damages awards to family members, courts look at the "nature of the relationship" between the decedent and the family members and "the severity of the pain suffered by the family member." *Haim v. Islamic Republic of Iran*, 425 F. Supp. 2d 56, 75 (D.D.C. 2006). In *Havlish*, the court awarded solatium damages to the victims of the September 11 terror attacks equal to $12.5 million for a spouse, $8.5 million for a parent or a child, and $4.25 million for a sibling. *See Havlish*, No. 03-md-01570-GBD-FM, p. 4 (S.D.N.Y.

Oct. 3, 2012). In arriving at this award, the court relied on the framework for solatium damages articulated in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006) ($8 million to spouses, $5 million to parents and $2.5 million to siblings), but deemed that an upward departure from this framework was appropriate given the traumatic effects of the losses on the plaintiffs' families. *See also Knox*, 442 F. Supp. 2d at 79 ($10 million to wife for loss of consortium and mental anguish); *Smith*, 262 F. Supp. 2d at 239 ($10 million to wife in solatium damages); *Higgins v. Islamic Republic of Iran*, No. 1:99-cv-00377, 2000 WL 33674311 at *8 (D.D.C. Sept. 21, 2000) ($12 million to spouse of husband taken hostage in Iran and subsequently executed); *Ungar*, 304 F. Supp. 2d at 273-74 ($10 million to each of two children of terrorist victim); *Weinstein*, 184 F. Supp. 2d at 23 ($5 million to each adult child of a terrorism victim); *Higgins*, 2000 WL 33674311 at *9 ($12 million to adolescent child of victim who was kidnapped, tortured, and killed); *Alehandre v. Republic of Cuba*, 996 F. Supp. 1239 (S.D. Fla. 1997) ($8 million to spouse, $8 million to daughter, and $5.5 million to both parents); *Anderson v. Islamic Republic of Iran*, 90 F. Supp. 2d 107, 113 (D.D.C. 2000) ($10 million to wife of a hostage and torture victim).

Here, the family members of all decedents have suffered extreme agony and grief as a result of the kidnapping, torture and senseless killings of their loved ones at the hands of the terrorists in Mumbai. We ask that they be compensated in accordance with the *Havlish* framework: $12.5 million for a spouse, $8.5 million for a parent or a child, and $4.25 million for a sibling. This element does not apply to the three personal injury plaintiffs herein. In support of the plaintiffs' solatium claims, plaintiffs submit the affidavits of surviving family members of the decedents and the personal injury plaintiffs (see Exhibit 2).

### D. Treble Damages

7

Plaintiffs are also entitled to treble damages under the ATA. *See Smith*, 262 F. Supp. 2d at 232. Here, the character, nature and extent of the defendants' acts clearly merit trebling the damages or, in the alternative awarding plaintiffs three times the compensatory damages. See Exhibit 3 for a summary of the damages for each plaintiff. For several of the plaintiffs there are two economic loss scenarios set forth by plaintiffs' expert, Pacey Economics, Inc.

### E. **Prejudgment Interest**

Prejudgment interest is warranted "when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism." *Havlish Report*, p. 13, citing *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48,86 (D.D.C. 2011). The *Havlish* Court awarded victims of the September 11 attacks prejudgment interest on the plaintiffs' damages for solatium and pain and suffering, at the average prime rate published by the Federal Reserve Bank for the period from September 11, 2001 through the date the judgment is entered. *Havlish* Report and Recommendation, No. 03-md-01570-GBD-FM, p. 13-14 (S.D.N.Y. Oct. 3, 2012); *Baker*, 775 F. Supp. 2d at 86 (awarding prejudgment interest at the average primate rate from September 11 through the date of the court's report.). Plaintiffs ask this Court to award prejudgment interest at the average prime rate from the date of the Mumbai terrorist attacks through the entry of judgment. Plaintiffs have attached a chart summarizing damages in each case as Exhibit 3.

### F. **Costs and Attorneys' Fees**

Plaintiffs are also entitled to reimbursement for the costs of bringing this litigation.

Plaintiffs are not seeking an additional award of attorneys' fees from these defendants at this time. If and when funds are to be recovered, plaintiffs will submit compromise orders

including requests that attorneys' fees will be paid in accordance with the retainer agreements executed by plaintiffs and counsel.

Plaintiffs' costs of this action, as of October 28, 2014, are $123,472.34. (See breakdown below.) The following are plaintiffs' costs:

- Court Transcripts: $1,947.60
- Filing fees and other Court Costs: $1,960.00
- Pacey Economics, Inc. (Expert) $25,000.00
- John Fawcett (Expert) $50,250.00
- Lexis & Westlaw Research $ 24,170.80
- Appeal printing $ 9,175.44
- Postage & Messengers $1,395.91
- Office Printing, photocopying $ 3,080.40
- Conference Calls $ 276.29
- Travel and meals $ 6,215.90
- Total: $123,472

## Conclusion

Plaintiffs respectfully request that this court award damages in the amount set forth in Exhibit 3 plus costs and prejudgment interest for the horrors that plaintiffs and their families endured during the Mumbai attacks.

Dated: February 24, 2015          KREINDLER & KREINDLER LLP

/s/
James P. Kreindler, Esq.
Andrew J. Maloney III, Esq.
750 Third Avenue
New York, NY 10017-5590
(212) 687-8181
(212) 972-9432 (Fax)

-- and --

THE SILVERMAN LAW FIRM
16 Squadron Boulevard
New City, NY 10956