# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

SHIMON ROSENBERG, Individually
as Legal Guardian of M. T. H. and as
Personal Representative of the Estates of
Rivka Holtzberg and Gavriel Noach Holtzberg;

NACHMAN HOLTZBERG, Individually
and on behalf of other family members,
as Surviving Father of Gavriel Noach Holtzberg;

MOSES SHVARZBLAT, Individually
and as proposed Special Administrator of the Estate of
Norma Shvarzblat-Rabinovich;

MARIBETH JESWANI, Individually and
as Special Administrator of the Estate of
Sandeep Jeswani;

KIA SCHERR, Individually and
as proposed Personal Representative of the Estate of
N.S. and Alan Scherr;

EMUNAH CHROMAN, Individually and
as proposed Personal Representative of the Estate of
Ben Zion Chroman;

ANDREINA VARAGONA;

LINDA RAGSDALE;

AUTUMN GILLES

       Plaintiffs,

       v.

JAMAAT UD DAWA (also known as Lashkar e Taiba,
Markaz ud Dawa, Idara Khidmat-e-Khalq and Tehrik-e-Tahaffuz-e-Qibla Awal);
MOHAMED HAFIZ SAYEED; ZAKI ur REHMAN
LAKHVI; SAJID MAJID (also known as Sajid Mir);
AZAM CHEEMA; MAJOR IQBAL; MAJOR SAMEER
ALI,
       Defendants.

----------------------------------------------------x

Civil Actions:
10-CV-5381 (DLI) (CLP)
10-CV-5382 (DLI) (CLP)
10-CV-5448 (DLI) (CLP)
11-CV-3893 (DLI) (CLP)
12-CV-5816 (DLI) (CLP)

1

# PLAINTIFFS' LIMITED OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE POLLAK

Plaintiffs Andreina Varagona ("Varagona"), Linda Ragsdale ("Ragsdale") and Kia Scherr ("Sherr"), submit these limited Objections to Magistrate Judge Pollak's Report and Recommendation filed on July 5, 2016.

Plaintiffs accept Magistrate Pollak's damages calculations and respectfully request that default judgments for three (3) plaintiffs be entered in the amounts suggested by Magistrate Judge Pollak as follows:

     a.   Varagona -- $7,976,524.80.

     b.   Ragsdale -- $6,281,000.00.

     c.   Sherr -- $66,123,403.20.

     *See July 5, 2016 R&R, Dkt. No. 79* at p.2.[1]

Plaintiffs object, in part, to the Report and Recommendation recommending denial of default judgment for plaintiffs Varagona, Ragsdale, and Sherr against defendants JuD and Sayeed. Plaintiffs submit that service of the Summons and Amended Complaint and the default motion papers on Defendant Jamat ud Dawa ("JUD") has been made and, accordingly, default judgment should be granted.

## ARGUMENT

In her July 5, 2016 Report and Recommendation, Magistrate Judge Pollak recommended that plaintiff Varagona be awarded $7,976,524.80; plaintiff Ragsdale by awarded $6,281,000.00;

---

[1] Plaintiffs do not object to the Report and Recommendation to the extent that it recommends the denial of default judgments to Nachman Holtzberg, Moses Shvarzblat, Emunah Chroman, Autumn Gilles, or minor child, M.T.H. Plaintiffs further do not object to Magistrate Judge Pollak's report and recommendation to the extent that it recommends denying plaintiffs' costs and awarding default judgment against defendants Lakhvi, Rehman, Majid, Cheema, Iqbal, and Ali.

and plaintiff Scherr be awarded $66,123,403.20 pursuant to the treble damages provisions of the ATA. In her report, however, she recommended that this Court deny default judgment to plaintiffs Varagona, Ragsdale and Sherr because she found that plaintiffs had not properly served the Summons and Amended Complaint or the default motion papers on defendants JuD and Sayeed. *See R&R* at p. 2. For the reasons stated below, Plaintiffs contend that they properly served the Summons and Amended Complaint on JuD and Sayeed, and subsequently attempted to serve the default motion papers to cure the deficiency identified by Magistrate Judge Pollak in the R&R.

   A. *The Amended Complaint was properly served on Defendant JUD.*

   The evidence supports a finding that plaintiffs properly served the Summons and Amended Complaint on JuD at the 4 Lake Road address in Pakistan under Article 10(a) of The Hague Convention as well as the Federal Rules of Civil Procedure Rule 4.

   Magistrate Judge Pollak correctly found that plaintiffs appropriately served Pakistani defendant, JuD, by mail under Article 10(a) of The Hague Convention because Pakistan is a member state to the Convention and it does not object to accepting foreign service by mail. *See R&R* at p. 20; *see also Ackermann v. Levine*, 788 F.2d 830, 838-39 (2d Cir. 1986) (service of process by mail remains an appropriate method of service when the receiving foreign state is a signatory to the convention and has not objected to mail service under Article 10(a)). Magistrate Pollak, however, hesitated to find that plaintiffs properly served JuD because she questioned whether there was proof that the Summons and Amended Complaint were in the envelopes delivered to JuD and whether the individuals at JuD who signed for the envelopes were authorized to accept service. *See R&R* at p. 26-27.

Plaintiffs object to the Report and Recommendation because they have submitted proof that the Summons and Amended Complaint was served on JuD. The record shows that on November 18, 2014, plaintiffs, through the Clerk of the Court for the Eastern District of New York, served JuD with the Summons and Amended Complaint at 4 Lake Road, Chauburji, Lashore, Pakistan by FedEx Global Express Guaranteed ("GXG"). *See December 17, 2014 Affidavit of Andrew J. Maloney, Attached hereto as Exhibit 1.* Andrew J. Maloney, counsel for Plaintiffs, filed an Affidavit of Service on December 17, 2014 affirming that the GXG package mailed to JuD on November 18, 2014 contained the Summons and Amended Complaint. *Id.* at 2. GXG successfully delivered the Complaint to JuD on November 29, 2014. *See Exhibit 2.* GXG documented that a man named Ishfaq, working at the front desk/reception area, signed for the package. *Id.*[2]

Plaintiffs' service of the Summons and Amended Complaint satisfies the Federal Rules of Civil Procedure. Due process demands that process of service be "reasonably calculated, under all circumstances, to provide interested parties notice of the pendency of the action" *See Ackermann,* 788 F.2d at 841 (*citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). JuD is a terrorist organization. *See R&R* at p. 4. Like most terrorist organizations, JuD members act under a veil of secrecy. *Id.* at p. 28 n. 24. The 4 Lake Road address is JuD's only publicly identifiable headquarters. *See Dkt. No. 87, Fawcett Affidavit* at ¶ 12. JuD members, including Sayeed, have previously responded to documents served on the terror group at the 4 Lake Road address. *See R&R* at p. 24. Service of the Summons and Amended Complaint on JuD

---

[2] In the R&R, Magistrate Judge Pollak incorrectly stated that "Ishfaq" accepted service of the original Complaint. *See R&R* at p. 25. An individual named, Abu Shahid, accepted and signed for the original Complaint. In his Affidavit, John Fawcett identified Abu Shahid as "an adult who represented that they worked there [JuD] and was authorized to receive papers on behalf of the organization and its employees and agents." See Fawcett Affidavit, Dkt. No. 87 at ¶ 14.

4

at the 4 Lake Road address was reasonably calculated to provide them with notice of the pending litigation. Magistrate Pollak agreed "that JuD may properly be served at that address." *Id.* at 25.

Plaintiffs object to Magistrate Judge Pollak's finding that service was insufficient because plaintiffs failed to identify in detail the authority that the person who received and signed for the mailing had to accept service. Federal Rule 4 merely requires that service be made on an individual of suitable age and discretion. *See Ackermann,* 788 F.2d at 841. In *Ackermann,* the court found service of process was proper under Federal Rule 4 when an apartment building employee named "Ortiz" received and signed for the service of process on a tenant in the building. *Id.* Here, plaintiffs provided evidence that GXG delivered the November 18, 2014 mailing, containing the Amended Complaint, to JuD's headquarters at the 4 Lake Road address, and that Ishfaq accepted service of the mailing and signed for the package. Plaintiffs submit that by placing Ishfaq at the reception area of JuD headquarters, JuD authorized Ishfaq to sign and receive papers on its behalf, and that he was of suitable age and discretion to receive and sign for papers sent to the organization. Therefore, plaintiffs properly served JuD with the Summons and Amended Complaint. There is no further requirement under Federal Rule 4 that plaintiffs uncover more details regarding the individual that JuD, a terrorist organization, appoints to receive its mail.

Plaintiffs respectfully assert that Mr. Maloney's affidavit, the Second Supplemental Affidavit of James P. Kreindler and the attachments to the affidavits establish that the Summons and Amended Complaint were properly served by the Clerk's office on JuD at the 4 Lake Road address and, accordingly, the R&R is in error to the extent that it finds otherwise. *See R&R* at p. 27.

However, if the Court finds that plaintiffs fell short of meeting the requirements for service under Federal Rule 4(f)(1) or (2), plaintiffs request that the Court finds that they adequately served

the Amended Complaint through alternative means pursuant to Federal Rule 4(f)(3). As Magistrate Judge Pollak states in the R&R, the plaintiffs have faced "insurmountable problems…in serving a terrorist organization and terrorist participants, who by their very nature, seek to hide from the authorities and the rule of law." *See R&R* at p. 28 n. 24. Since May 2015, JuD representatives have refused to accept any of the mailings plaintiffs attempted to deliver to them through FedEx GXG. *See Affidavit of James P. Kreindler, Attached hereto.* FedEx GXG is the only company, known to plaintiffs, that will deliver mail to terrorists. There is no other way for plaintiffs to serve the terrorists with these court papers.

In her report, Magistrate Judge Pollak acknowledged that, based on the evidence, the 4 Lake Road address is the only known and acceptable location for plaintiffs to serve notice on JuD. *Id.* The record supports her finding because when plaintiffs mailed the original Complaint to the 4 Lake Road address, two members of JuD responded to it, and one mailing was returned after having been opened. *See R&R* at pp. 24-25. The evidence also shows that JuD headquarters received the Amended Complaint, and Ishfaq signed for it. *See Ex.* 2. Under the circumstances, plaintiffs' mailing of the Amended Complaint to JuD headquarters is the best and only way to serve process on the terror group, especially since JuD members are now refusing to accept any further mailings from the plaintiffs. *See Kreindler Affidavit at ¶¶ 12, 15, 20, 23.*

Magistrate Judge Pollak left it to this Court's discretion to determine whether service was adequate, and plaintiffs respectfully request that the Court finds that it was. *See R&R* at p. 2. It would be inefficient at this late date for plaintiffs to submit motions to attempt to serve JuD through an alternative channel, when service of the Amended Complaint has already been successfully completed. Moreover, it would be unjust for plaintiffs to be prevented from obtaining default judgments because these terrorists, who maimed them and killed their loved ones in cold blood,

are effective at doing exactly what terrorists seek to do – hide from, thwart and circumvent the law. *See R&R* at p. 28 n. 24.

   B.   *Plaintiffs cured the defect in service of the default papers under Local Rule 55.2(c).*

   Magistrate Judge Pollak is correct that plaintiffs did not initially submit proof that the default motion papers were served on JUD in accordance with Local Rule 55.2. That rule requires that the party moving for a default mail the default motion papers to the party in default. The rule contemplates that a party in default may refuse the mailing and provides that the moving party e-file a supplemental affidavit if the mailing is not accepted. Local Rule 55.2(c). On August 12, 2016, plaintiffs cured the defect under Local Rule 55.2(c) and mailed the October 30, 2014 and February 24, 2015 Default motion papers to JuD at the 4 Lake Road address. *See Kreindler Affidavit at ¶ 18.* The defendants refused to accept the mailing containing the Default motion papers. *See Id. at ¶ 20.* Plaintiffs' counsel, James P. Kreindler, has provided a supplemental affidavit detailing the refused service. *See Kreindler Affidavit.* Plaintiffs have now complied with Local Rule 55.2(c).

   JuD is on actual notice of the action against it, and it has been properly served the Summons and Amended Complaint. JuD has evaded all other service since July 2015, including service of the R&R and service of the default motion papers. Plaintiffs respectfully requests that the Court accepts the Plaintiffs' August mailing as complying fully with the District's two-step process to obtaining a default judgment, and awards damages to Plaintiffs, Varagona, Ragsdale and Sherr, in accordance with Magistrate Judge Pollak's recommendation.

   C.   *The Court should find that service of Sayeed is adequate under Federal Rule 4(f)(3).*

   Plaintiffs ask the Court to approve the service of Sayeed at the 4 Lake Road address. Sayeed is the leader of the JuD. Plaintiffs have submitted proof that the clerk's office mailed the Summons

and Amended Complaint to Sayeed at the JuD headquarters' address on 4 Lake Road. *See Ex.* 1;

*see also Exhibit 3, Attached hereto.*[3]

In the R&R, Magistrate Judge Pollak stated that she would recommend service of the Amended Complaint upon Sayeed at the 4 Lake Road address. *See R&R* at p. 28 n. 24. She explained that it is appropriate for the plaintiffs to serve Sayeed at the 4 Lake Road address because there is no other known acceptable address for him and he demonstrated that he could receive mailings at that address after he answered the original Complaint mailed to him there. *Id.* Accordingly, plaintiffs request that the service of the Summons and Amended Complaint on Sayeed be approved under Federal Rule 4(f)(3).

D. *Plaintiffs request leave to correct the remaining deficiencies noted in Magistrate Judge Pollak's R&R.*

Plaintiffs request leave to file a Second Amended Complaint to cure the deficiencies identified by Magistrate Judge Pollak. *See R&R* at pp. 42, 44. Magistrate Judge Pollak has recommended that leave to file a Second Amended Complaint be granted. *See Id.* at 46.

## CONCLUSION

Plaintiffs respectfully request that the Court finds that plaintiffs properly served JuD and enters default judgment against the defendants in the amounts suggested by Magistrate Judge Pollak as follows:

a.  Varagona -- $7,976,524.80.

b.  Ragsdale -- $6,281,000.00.

---

[3] Exhibit 3 is the FedEx GXG confirmation page showing that on November 29, 2014, Ishfaq also received and signed for the package containing the Summons and Amended Complaint mailed to defendant Sayeed at JuD headquarters, the same date he received and signed for the package containing the Amended Complaint sent to JuD.

c.  Sherr -- $66,123,403.20.

Dated: August 19, 2016

KREINDLER & KREINDLER LLP


/s/ James P. Kreindler

James P. Kreindler (JK7048)
750 Third Avenue
New York, NY  10017-2703
(212) 687-8181
(212) 972-9432 (Fax)

**CERTIFICATE OF SERVICE**

I certify that on August 19, 2016, I electronically filed the foregoing **PLAINTIFFS'**

**LIMITED OBJECTIONS TO THE REPORT AND RECOMMENDATION OF**

**MAGISTRATE JUDGE POLLAK** with the Clerk of the Court by using the CM/ECF system,

with copies served on all parties registered to receive electronic notice on this matter.

_____

Ilana S. Wolk, Esq.