UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SHIMON ROSENBERG, et al., KIA SCHERR, :
et al., EMUNAH CHROMAN, et al., LINDA :
RAGSDALE, et al., AUTUMN GILLES, et al., :
: **MEMORANDUM AND ORDER**
Plaintiffs, : **ADOPTING IN PART AND MODIFYING**
: **REPORT AND RECOMMENDATION**
:
: 10-CV-5381 (DLI) (CLP)
-against- : 10-CV-5382 (DLI) (CLP)
: 10-CV-5448 (DLI) (CLP)
LASHKAR-E-TAIBA et al., : 11-CV-3893 (DLI) (CLP)
: 12-CV-5816 (DLI) (CLP)
Defendants. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

The plaintiffs, Shimon Rosenberg, Nachman Holtzberg, Moses Shvarzblat, Maribeth Jeswani, Kia Scherr, Emunah Chroman, Andreina Varagona, Linda Ragsdale, and Autumn Gilles (collectively, "Plaintiffs") are American and Israeli citizens who were injured or whose relatives were killed during the 2008 terrorist attacks in Mumbai, India. (Amended Complaint 10-CV-5381 (DLI) (CLP) ("Am. Compl.") ¶¶ 1-9, Dkt. Entry No. 66.)[1] Plaintiffs assert claims pursuant to the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, against the terrorist organization Jamat ud Dawa ("JuD"), a/k/a Lashkar-e-Taiba, a/k/a Markaz ud Dawa, a/k/a Idara Khidmat-e-Khalaq, a/k/a Tehrik-e-Tahaffuz-e-Qibla Awal (collectively, "LeT"), and several of its alleged leaders, including Mohammed Hafiz Sayeed ("Sayeed"), Zaki ur Rehman Lakhvi ("Lakhvi"), Sajid Majid ("Majid"), Azam Cheema ("Cheema"), Major Iqbal ("Iqbal"), and Major Sameer Ali ("Ali") (collectively with LeT the "Defendants"). (*See* Am. Compl. ¶¶ 10-16.)

---

[1] Plaintiffs filed the same Amended Complaint, motions for default judgment and damages, and the magistrate judge issued the same R & R in each individual docket. Unless it is necessary to distinguish among the cases, the Court refers to the filings in the Rosenberg action.

This Memorandum and Order is written for the benefit of the parties. The Court assumes the parties' familiarity with the facts and circumstances underlying the allegations in the Initial and Amended Complaints and procedural history of these consolidated cases as they were detailed in the August 2014 Report and Recommendation ("R & R") and July 5, 2016 R & R issued by the assigned magistrate judge (see below). Accordingly, only those facts necessary to address the objections to the R & R are mentioned herein.

Plaintiffs initially filed separate complaints in each of the five above-captioned cases between 2010 and 2012. On December 10, 2013, this Court consolidated the cases. (*See* 12/10/13 Order Consolidating Cases.) Defendants failed to appear, and, on November 4, 2013, the Clerk of the Court entered notations of default against Defendants. Subsequently, this Court referred Plaintiffs' motions for entry of default judgment and damages to the Hon. Cheryl L. Pollak, U.S.M.J., for a Report and Recommendation. The magistrate judge requested supplemental briefing on Plaintiffs' motions and held an inquest hearing. (*See* Dkt. Entry Nos. 54, 59.)

On August 1, 2014, the magistrate judge issued a Report and Recommendation recommending that the Court deny the motions without prejudice to filing an amended complaint and refiling the motions, supplemented by facts and legal arguments, as discussed in the Report and Recommendation ("the August 2014 R & R"). (*See* Dkt. Entry No. 61.) The magistrate judge identified numerous deficiencies with service of process, Plaintiffs' standing to assert ATA claims, the Court's subject matter jurisdiction over Plaintiffs' ATS claims, and the potential immunity of Defendants Iqbal and Ali as foreign officials under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603 *et seq*. (*Id.*)

On September 10, 2014, this Court adopted the August 2014 R & R in its entirety. (*See* 9/10/13 Order Adopting Report and Recommendations.) In the Order, this Court stated that,

"Plaintiffs indicated that they intend to fully brief the issue of service when they re-file their [m]otions [and] . . . [f]or the reasons set forth in the R & R by the magistrate judge, with respect to lack of service as to certain defendants, Plaintiffs' objections are overruled." (*Id.*)  The Court denied Plaintiffs' motions without prejudice "to re-file in accordance with the R & R" and granted "leave to file an amended complaint also in accordance with the R & R." (*Id.*)

On October 30, 2014, Plaintiffs filed the Amended Complaint. (*See generally* Am. Compl.)  After the Clerk of the Court's entry of the notation of default on the Amended Complaint against LeT, Sayeed, Lakhvi, Majid, and Cheema (collectively, "Defaulting Defendants"), Plaintiffs' moved pursuant to Rule 55 of the Federal Rules of Civil Procedure, for default judgment and damages (collectively, the "motion papers") against Defaulting Defendants. (*See* Dkt. Entry Nos. 77-78.)  Notably, Plaintiffs did not move for default judgment and damages against Ali or Iqbal. (See Dkt. Entry Nos. 77, 77-2, at 2-3, 78, at 2 n. 1.)  Defaulting Defendants did not respond to the motion papers.

On February 25, 2015, this Court referred Plaintiffs' motions for default judgment and damages to the magistrate judge for a Report and Recommendation.  The magistrate judge held an inquest hearing on June 5, 2015,[2] where she identified deficiencies with service of process (as to both the Amended Complaint and Default Judgment Motion) and with Plaintiffs' motion papers. (*See* Dkt. Entry No. 83.)  The magistrate judge requested supplemental briefing and documentation. (*Id.*)  Subsequently, Plaintiffs supplemented their motions with additional briefing. (*See* Dkt. Entry Nos. 85-88.)

On July 5, 2016, Magistrate Judge Pollak issued an exceptionally thorough R & R, with an astute and detailed legal analysis, recommending that Plaintiffs' motions for default judgment and

---

[2] Although the R & R states that the inquest hearing was held on June 18, 2015, the docket reflects that the hearing was held on June 5, 2015.  Accordingly, the Court uses the June 5, 2015, date.

damages be denied, without prejudice, for failure to serve properly the Amended Complaint or the motion papers on Defaulting Defendants.  (R & R at 2, 28.)  In denying Plaintiffs' motions, the magistrate judge found that Plaintiffs could serve LeT properly at "4 Lake Road, Chauburji, Lahore, Pakistan" ("4 Lake Road"), but that they had failed "to address why any of the individual defendants may be served at this address."  (*Id.* at 25.)  Moreover, the magistrate judge found that, since the hearing, Plaintiffs had not provided any additional "authority for their attempts to serve the individual defendants at 4 Lake Road, nor have they sought authorization to serve by some alternative means."  (*Id.* at 25-26.)

The magistrate judge also concluded that service was improper on Defaulting Defendants because Plaintiffs had not explained what positions any of the individuals "who are marked as having signed for many of the packages on behalf of the defendants, [held] in the organization or why the Court should find that these individuals were authorized to accept service on behalf of LeT/JuD or any of the individually named defendants."  (*Id.* at 26.)  Specifically, the magistrate judge concluded that Plaintiffs had failed to provide information for an individual named "ISHFAQ," who the Federal Express ("FedEx") delivery receipts identified as having signed for the mailings allegedly containing the Amended Complaint at 4 Lake Road, other than he was an adult who represented he worked there and could receive and sign for packages.  (*Id.* at 26.)  Notably, for the additional individuals who purportedly signed service receipts, Plaintiffs did not provide any information showing they were authorized to accept service.  (*Id.*).  The magistrate judge stated, "Indeed, it is unclear if some of these documents were signed for by anyone."  (*Id.*)

In addition to these deficiencies, the magistrate judge also found an "absence of evidence to show service of the Amended Complaint and the motion for default judgment on any of the defendants."  (*Id.* at 28.)  The magistrate judge explained that Plaintiffs had submitted no evidence

4

that they ever mailed the default motion papers at all and had failed to "provide[] receipts indicating that" the packages containing the Amended Complaint "were actually delivered." (*Id.* at 27.) Based "on the numerous deficiencies in service," the magistrate judge expressed "serious concerns about whether [she had] the authority to exercise personal jurisdiction over the defendants[.]" (*Id.*) Accordingly, the magistrate judge found that "plaintiffs have not satisfied the requirements for service set out in the Hague Convention nor have they complied with the standards of Rule 4 with respect to service of the Amended Complaint or the motion papers on any of the defendants." (*Id.* at 28.) In denying Plaintiffs' motions, the magistrate judge recommended that this Court grant Plaintiffs an opportunity to re-file their motions "with proper proof of service as to all necessary documents and further explanation as to: (1) the authority of these individuals to accept mail and service at 4 Lake Road; and (2) the basis for serving the individual defendants at this address." (*Id.*) Moreover, the magistrate judge noted that alternative service by mail under Rule 4(e) would be required for Defendants Cheema and Sayeed. (*Id.* at n. 24.) Significantly, no such alternative service had been requested by Plaintiffs prior to their objections to the R & R.

The magistrate judge recommended, assuming this Court would overlook the numerous deficiencies in service, that: (1) Plaintiffs' ATS claims be dismissed with prejudice for lack of subject matter jurisdiction; (2) Plaintiffs' ATA claims be dismissed for lack of standing or for failure to state a claim, except for the ATA claims brought by Andreina Varagona, Linda Ragsdale, and Kia Scherr on behalf of her deceased husband Alan Scherr and deceased daughter N.S; and (3) only these three plaintiffs' motions for entry of default judgment be granted and they be awarded damages in the amounts computed by the magistrate judge. (*Id.* at 34-39, 42, 71, 75-77.) Additionally, the magistrate judge recommended that the Court grant Plaintiffs limited leave to

5

file a Second Amended Complaint, and deny Plaintiffs' counsel's request for costs, except for an award of $400.00 representing the filing fee in this district. (*Id.* at 77.)

Plaintiffs Andreina Varagona, Linda Ragsdale and Kia Scherr (collectively "Objecting Plaintiffs") timely filed objections to the R & R. (*See* Objecting Plaintiffs' Objections ("Pls.' Obj."), Dkt. Entry No. 91.) Additionally, Objecting Plaintiffs requested leave to file a Second Amended Complaint to correct the pleading deficiencies identified in the R & R. (*Id.*) Defendants, still not having appeared, did not file objections to the R & R. As to those Plaintiffs who did not object to the R & R, any objections thereto are waived. *See* 28 U.S.C. § 636(b)(1).

For the reasons set forth below, the Court adopts the R & R in part and modifies it in part. This Court adopts the exceptionally thoughtful, thorough, detailed and astute legal reasoning and legal conclusions set forth by the magistrate judge in the R & R, but disagrees with the recommendations made by the magistrate judge to the extent that she recommends dismissal of the Amended Complaint should be without prejudice and leave should be granted to amend the complaint for a second time. This Court concludes that it cannot overlook either the deficiencies in service or in pleading given the ample opportunity Plaintiffs were given to correct the deficiencies noted in the August 2014 R & R, and at the June 5, 2015 inquest hearing.

## **DISCUSSION**

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Under the standard articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks

6

omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal") (internal citations and quotation marks omitted).  However, the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted).  Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted).  After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**A. Objections to the R & R**

Objecting Plaintiffs challenge the magistrate judge's finding that the Amended Complaint was served improperly on LeT. (Pls.' Obj. 3-4.)  Specifically, they object to the magistrate judge's conclusion that service was deficient because they failed to identify either the position "Ishfaq" held in LeT or why he was authorized to accept service on behalf of the organization. (R & R at 26; Pls.' Obj. at 5.)  Objecting Plaintiffs contend, for the first time by these objections, that Rule 4 "merely requires that service be made on an individual of suitable age and discretion" and "Ishfaq" met this standard. (*Id.*)  The Court will not consider Objecting Plaintiffs assertion because it is a new argument and not a proper objection.  It is well established that "[n]ew arguments and factual

7

assertions cannot properly be raised for the first time in objections to the [R & R], and indeed may not be deemed objections at all." *Hill v. Miller*, 2016 WL 7410715, at *1 (S.D.N.Y. Dec. 21, 2016) (internal citation omitted); *Yao Wu v. BDK DSD*, 2015 WL 5664534, at *1 (E.D.N.Y. Sept. 22, 2015) (refusing to consider "facts and arguments [that] were not raised before" the magistrate judge).

The magistrate judge correctly explained that Rule 4(f) of the Federal Rules of Civil Procedure establishes the standards for service in a foreign country. (R & R at 18-23.) Here, Objecting Plaintiffs attempted to serve the Amended Complaint on LeT by relying on Rule 4(f)(2)(c)(ii), which allows for service by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."[3] (Pls.' Obj. 4.) "Ishfaq" signed the delivery receipt allegedly containing the Amended Complaint at 4 Lake Road. Since Plaintiffs had "not moved for leave to serve the defendants by alternative means," the magistrate judge "only consider[ed] whether plaintiffs [had] satisfied the requirements of Rule 4(f)." (R & R at 23.) In making this determination, the magistrate judge first asked Plaintiffs' counsel, during the inquest hearing, "why 'ISHFAQ' was authorized to accept service" and counsel responded, in Plaintiffs' supplemental briefing, that "FedEx delivered the packages to the receptionist/front desk or the mailroom . . . to an adult who represented that they worked there and were authorized to receive papers[.]" (R & R at 26.) Based on this argument, the magistrate judge concluded that Plaintiffs had failed to explain what position "Ishfaq" held in the organization or why he was "authorized to accept service on behalf of LeT/JuD[.]" (*Id.*)

For the first time, Objecting Plaintiffs now contend that, "Rule 4 merely requires that

---

[3] Although Rule 4(f) discusses service in the context of an individual, not an organization, Rule 4(h)(2) permits service on a foreign entity "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2).

8

service be made on an individual of suitable age and discretion" and "submit that by placing Ishfaq at the reception area . . . [LeT] authorized Ishfaq to sign and receive papers on its behalf[.]" (Pls.' Obj. at 5.) These arguments are new, never having been made to the magistrate judge, and, thus, are improper. *See Meehan v. Gristede's Supermarkets, Inc.*, 1997 WL 1097751, at *2 (E.D.N.Y. Sept. 25, 1997) ("[P]arties must take before the Magistrate Judge, not only their 'best shot' but all of their shots.") (internal citation omitted). As such, the Court need not consider them. *See Yao Wu*, 2015 WL 5664534, at *1. Nonetheless, upon review of this portion of the R & R for clear error, the Court finds none.

Objecting Plaintiffs also object to the magistrate judge's finding that it cannot be determined if Plaintiffs ever mailed the Amended Complaint or if Defaulting Defendants ever received it. (R & R at 27, Pls.' Obj. at 4.) According to Objecting Plaintiffs, the "record shows" that they mailed the Amended Complaint to LeT at 4 Lake Road. (*Id.*) However, the Court need not reach this objection because it finds no clear error in the magistrate judge's conclusion that Objecting Plaintiffs did not serve the Amended Complaint in accordance with the Hague Convention or with the standards of Rule 4. Accordingly, it is irrelevant if Objecting Plaintiffs mailed the Amended Complaint to Defaulting Defendants because they did not serve it properly. Thus, this objection is overruled.

Objecting Plaintiffs further contend that, "if the Court finds that plaintiffs fell short of meeting the requirements for service under Rule 4(f)(1) or (2)," the Court should find that "they adequately served the Amended Complaint [on LeT] through alternative means pursuant to Federal Rule 4(f)(3)." (Pls.' Obj. at 5-6.) Additionally, Objecting Plaintiffs request that the Court retroactively find that Sayeed also was served adequately under Rule 4(f)(3). (Pls.' Obj. at 7-8.) Rule 4(f)(3) permits service on individuals in a foreign country "by other means not prohibited by

9

international agreement, as the court orders." While the magistrate judge stated that, "should plaintiffs seek Court approval for alternative service," she "would recommend that alternative service by mail upon Sayeed . . . be authorized," the magistrate judge repeatedly noted in the R & R that Plaintiffs had not moved to serve Defendants by alternative means. (R & R at 23, 26, 28 n.24.) Plaintiffs cannot request new relief or make a new argument in their objections to the R & R. As these requests are not actual objections to the magistrate judge's findings, the Court will not consider them. *See Ortiz v. Barkley*, 558 F. Supp.2d 444, 451 (S.D.N.Y. 2008) (noting that courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate"); *Kennedy v. Adamo*, 2006 WL 3704784, at *3 (E.D.N.Y. Sept. 1, 2006) ("[A] litigant is not allowed to oppose a magistrate's Report and Recommendation by suddenly asserting new arguments that were not presented to the magistrate originally.").

Moreover, Courts within this Circuit are split over whether approving service retroactively under Rule 4(f)(3) is appropriate. While the Second Circuit has not reached this issue, the Ninth Circuit and various "district courts in this Circuit have held that this rule requires plaintiffs to obtain court approval *before* attempting such alternative service." *F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *9 (S.D.N.Y. Aug. 7, 2013) (emphasis in original and collecting cases). Meanwhile, other "district courts have disagreed with this approach, holding that, so long as the defendant has actual notice of the action, prior court approval is not necessary." *Id.* Since Objecting Plaintiffs raise their request for alternative service for the first time in their objections, the Court need not opine on this issue. If Objecting Plaintiffs wanted to seek authorization to serve LeT and Sayeed by alternative service, they should have followed the proper procedure for doing so prior to the filing of the instant R & R as they had been put on notice at the inquest hearing held on June 5, 2015, nearly a year before the R & R was issued, as to the deficiencies in the service of

10

process. *See Nolasco v. United States*, 358 F. Supp.2d 224, 231 n. 13 (S.D.N.Y. 2004) ("A party may not raise an objection to an issue it never brought before the Magistrate Judge.").

With respect to the magistrate judge's finding that "there is no evidence that the default motion papers themselves were actually mailed at all" to Defaulting Defendants, Objecting Plaintiffs concede that this finding is correct. (R & R at 27, Pls.' Obj. at 7.) Nonetheless, Objecting Plaintiffs request that the Court find that they cured the deficiency by mailing the motion papers to 4 Lake Road on August 12, 2016, over one month *after* the R & R was *issued*. This request also must be denied because it is an improper objection that fails to identify "the specific portions of the R & R that the objector asserts are erroneous and provide[] a basis for th[e] assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp.2d 290, 296 (E.D.N.Y. 2013). Reviewing this portion of the R & R for clear error, the Court finds none here.

Additionally, the Court will not consider Objecting Plaintiffs' belated presentation of new evidence because they have not provided a compelling reason for failing to mail the motion papers to Defaulting Defendants prior to the issuance of the R & R. While a district court, upon receipt of a report and recommendation, may "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b), "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration." *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). Thus, "'[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation' absent a compelling justification for failure to present such evidence to the magistrate judge." *Azkour v. Little Rest Twelve, Inc.*, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (internal citation omitted and collecting cases).

Here, Objecting Plaintiffs present new FedEx mailing and delivery receipts indicating that

11

the motion papers were mailed to both LeT and Sayeed at 4 Lake Road on August 12, 2016. However, Objecting Plaintiffs do not offer any explanation, let alone a compelling explanation, as to why they did not mail the motion papers either when they were first filed on February 24, 2015, or when they submitted their supplemental briefing on July 23, 2015. Again, Plaintiffs never sought leave to serve these documents by alternative means as required by Rule 4(e). Instead, without citing any legal authority, Objecting Plaintiffs request that the Court find that their subsequent mailing cures their service deficiency. (Pls.' Obj. at 7.) Objecting Plaintiffs' request is improper. If the Court considered this request, absent a compelling justification and after the magistrate judge devoted significant time, effort, and resources to reviewing the voluminous record in this case, "it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Abu-Nassar v. Elders Futures, Inc.*, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994); *see also Stair v. Calhoun*, 2015 WL 1476454, at *9 (E.D.N.Y. Mar. 31, 2015) (refusing to consider supplemental affidavit of service obtained in response to R & R). Accordingly, the request is denied.

**B. Objecting Plaintiffs' Request for Leave to file a Second Amended Complaint**

In the final paragraph of their objections, and without attaching a proposed Second Amended Complaint, Objecting Plaintiffs request "leave to file a Second Amended Complaint to cure the deficiencies identified" by the magistrate judge. (Pls.' Obj. at 8.) The Court declines to grant Objecting Plaintiffs leave to amend and dismisses these actions with prejudice. Here, after almost seven years since these actions were initiated, Objecting Plaintiffs still have failed to serve properly Defaulting Defendants under the Hague Convention or in accordance with Rule 4. Objecting Plaintiffs have not remedied this failure, despite the magistrate judge meticulously

12

explaining the deficiencies with service of process in the August 2014 R & R, identifying new deficiencies with service of the Amended Complaint during the second inquest hearing on June 5, 2015, and permitting Plaintiffs to file supplemental briefs addressing those deficiencies. Remarkably, after all this direction from the magistrate judge, Objecting Plaintiffs did not seek leave to serve Defaulting Defendants by alternative means until they objected to the R & R. In light of the foregoing, the Court cannot ascertain any good cause as to why it should grant Objecting Plaintiffs' request at this stage.

Moreover, the Court is not convinced that Objecting Plaintiffs can cure the deficiencies identified by the magistrate judge in the Amended Complaint. As an initial matter, the magistrate judge recommended Plaintiffs' claims under the ATS be dismissed with prejudice for lack of subject matter jurisdiction. (R & R at 34-35.) The magistrate judge reached this determination, only after having recommended in the August 2014 R & R, that Plaintiffs "be given an opportunity to provide the Court with additional authority" as to why subject matter jurisdiction exists. (R & R at 32.) Plaintiffs' subsequent briefing of this issue was deemed insufficient by the magistrate judge. Objecting Plaintiffs do not object to this finding and do not discuss the ATS claims in their objections. As such, they have waived any objections to the magistrate judge's findings. This Court adopts the recommendation of the magistrate judge that the ATS claims be dismissed with prejudice.

Furthermore, the Amended Complaint contained less detail regarding Plaintiffs' injuries in connection with the ATA claims. The magistrate judge explained that, "the Initial Complaints . . . contained more detailed allegations" concerning Plaintiffs or a decedent, but that the allegations "as to certain of the victims were inexplicably taken out or not included in the Amended Complaint." (*Id.* at 37.) Based on the Amended Complaint's "general allegations," the magistrate

judge stated that, without " a single allegation describing how the other plaintiffs or their estates were injured in any way during the attacks," she could not conclude that certain Plaintiffs had alleged that they suffered "any 'concrete and particularized' injury that would give rise to Article III jurisdiction over their claims." (*Id.*)  As Objecting Plaintiffs have not objected to this finding or explained how they would cure these deficiencies, the Court will not second guess their decision to exclude these allegations from the Amended Complaint.

Finally, Objecting Plaintiffs repeatedly have ignored the magistrate judge's request to address other deficiencies in both the Complaint and Amended Complaint.  For example, with respect to Plaintiffs' ATA claims, there is no indication that most plaintiffs have standing to assert ATA claims on behalf of their decedents' estates because they have failed to present the required letters testamentary.  This issue is not new.  As the magistrate judge explained in the R & R, she "raised this issue in the August 2014 Report and in the inquest hearing held on June 5, 2015, urging plaintiffs to obtain proper letters testamentary[.]"  (R & R at 39.)  In response, Plaintiffs only "filed letters testamentary for plaintiff Kia Scherr" and did not address the remaining letters testamentary.  (*Id.*)  Similarly, Objecting Plaintiffs have ignored the magistrate judge's concerns regarding the possibility that Iqbal and Ali are entitled to immunity under the FSIA.  (R & R at 45.)  After the magistrate judge raised these concerns in the August 2014 R & R, she "granted plaintiffs leave to explain why Iqbal and Ali" were not immune to suit under FSIA.  (*Id.*)  Rather than addressing the magistrate judge's request in their motion papers, Plaintiffs still included Iqbal and Ali as defendants in the Amended Complaint and "attempted to circumvent the jurisdictional bar imposed by the FSIA by simply removing the allegations linking Iqbal and Ali to ISI." (*Id.* at 45-46.) Objecting Plaintiffs have not objected to the magistrate judge's finding that Iqbal and Ali likely are immune from suit under the FSIA, and, thus, have waived their right to challenge this finding.

Accordingly, Objecting Plaintiffs' request to file a Second Amended Complaint is denied and these actions are dismissed with prejudice.

## CONCLUSION

Upon reviewing for clear error the remainder of the R & R to which Objecting Plaintiffs do not object properly and finding none, the R & R is adopted as to its legal reasoning and legal conclusions and modified as to its recommendations. *See Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (Summary Order) ("The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety."). Accordingly, these actions are dismissed with prejudice. Objecting Plaintiffs are directed to mail a copy of this Memorandum and Order to Defendants within 7 days by certified mail, return receipt requested, to 4 Lake Road, Chauburji, Lahore, Pakistan, and file promptly with the Court a copy of the return receipt.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2017

/s/
DORA L. IRIZARRY
Chief Judge